IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **THOMAS & MARKER** | : | |
| **CONSTRUCTION CO.,** | : | |
| | : | |
| Plaintiff, | : | Case No. 3:06-cv-0406 |
| v. | : | |
| | : | Judge Thomas M. Rose |
| **WAL-MART STORES, INC.**, *et al*., | : | |
| | : | |
| Defendants. | : | |

### MOTION OF DEFENDANT WAL-MART STORES, INC. TO MODIFY CASE SCHEDULING ORDER

Pursuant to Rules 1 and 16 of the Federal Rules of Civil Procedure and Local Rule 6.1(b), Defendant Wal-Mart Stores, Inc. ("Wal-Mart") respectfully requests an Order modifying the Case Scheduling Order as follows:

a) Extending the expert discovery deadline from April 1 to May 1, 2008; and

b) extending the dispositive motion deadline from May 1 to June 1, 2008.

Wal-Mart requests this brief extension to fully explore critical information relevant to Wal-Mart's defense that, despite Wal-Mart's efforts, has only recently surfaced. Additionally, this extension may further judicial economy by narrowing issues for trial, and will not prejudice Plaintiff. Finally, Wal-Mart submits that granting this extension will not affect the trial date in this matter, which is currently set for December 1, 2008. A memorandum in support of this motion is attached. Wal-Mart further respectfully requests a status conference with the Court to discuss this matter.

Respectfully submitted,

*s/Sherri B. Lazear*
Sherri Blank Lazear  (0030546)
Baker & Hostetler LLP
65 East State Street, Suite 2100
Columbus, Ohio  43215-4260
Telephone (614) 462-2626
Fax: (614) 462-2616
E-mail: slazear@bakerlaw.com

Of Counsel:

*Trial Attorney for Defendants Wal-Mart Stores, Inc. and Wal-Mart Real Estate Business Trust*

Joseph E. Ezzie  (0075446)
Rand L. McClellan  (0079266)
BAKER & HOSTETLER LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215
Telephone:  (614) 462-2631
Facsimile:  (614) 462-2616
Email:  jezzie@bakerlaw.com
           rmcclellan@bakerlaw.com

*Attorneys for Defendants Wal-Mart Stores, Inc. and Wal-Mart Real Estate Business Trust*

**MEMORANDUM IN SUPPORT OF
MOTION OF DEFENDANT WAL-MART STORES, INC.
TO MODIFY CASE SCHEDULING ORDER**

I.  **INTRODUCTION**

Pursuant to Rules 1 and 16 of the Federal Rules of Civil Procedure and Local Rule 6.1(b), Defendant Wal-Mart Stores, Inc. ("Wal-Mart") respectfully requests an Order modifying the revised scheduling order as follows:

a) Extending the expert discovery deadline from April 1 to May 1, 2008; and

b) extending the dispositive motion deadline from May 1 to June 1, 2008.

This brief extension is necessary to fully explore information critical to Wal-Mart's defense that, despite Wal-Mart's efforts, has only recently surfaced. This newly acquired information pertains to CESO, Inc. ("CESO"), Wal-Mart's engineer on the construction project at issue in this litigation, and involves one of the central issues in this case – a geotechnical report issued by TesTech, Inc. ("TesTech"), a sub-consultant to CESO. This newly discovered information indicates that the geotechnical report, a document upon which Plaintiff centers its allegations, contains several discrepancies regarding the location of the boring sites at which soil samples were taken. The geotechnical report fails to note these discrepancies and, despite a subpoena duces tecum served on TesTech by Plaintiff, no documents were produced that indicated these discrepancies. Additionally, despite previous conferences between counsel for Wal-Mart, TesTech and CESO, these discrepancies were only disclosed to Wal-Mart on February 29, 2008. Since this date, Wal-Mart has moved quickly to conduct the necessary discovery; however, Wal-Mart requires additional time to conclude these efforts.

The Court's grant of this motion will allow Wal-Mart to investigate a critical aspect of this controversy, may narrow the issues for trial, and will not prejudice Plaintiff. Additionally,

1

granting this extension will not affect the trial date in this matter, which is currently set for December 1, 2008.

II. **FACTS**

This dispute arises out of Plaintiff Thomas & Marker Construction, Co.'s ("Thomas & Marker" or "Plaintiff") claim for $1.2 million arising out of additional costs allegedly incurred during the construction of a Wal-Mart Supercenter in Springfield, Ohio (the "Project").

Thomas & Marker was awarded a contract on June 6, 2005, and, on June 30, 2005, it entered into a construction agreement (the "Agreement") with Wal-Mart. Thomas & Marker claims that during construction on the Project it encountered "unforeseen" rock at elevations higher than indicated in the geotechnical report prepared by TesTech. *See* First Amended Complaint ¶¶ 27, 36 – 41, 47 – 56.

On or about April 30, 2004, Wal-Mart contracted with CESO to provide civil engineering services related to the Project. Pursuant to Wal-Mart's agreement with CESO, CESO was to provide Wal-Mart with a geotechnical report. CESO, in turn, directed TesTech, its sub-consultant, to prepare the geotechnical report. Wal-Mart's agreement with CESO provides that CESO would indemnify Wal-Mart for the acts or omissions of its sub-consultants.

Wal-Mart provided the geotechnical report that was prepared by TesTech to Thomas & Marker as part of the Project's bid package. The report was furnished as general information only and was not a representation or warranty as to subsurface conditions. Agreement, at 2.2.3.

Thomas & Marker asserts – contrary to the Agreement – that it was entitled to rely on the geotechnical report. Thomas & Marker argues that it encountered "unforeseen" rock conditions that entitle it to additional compensation under the Agreement. Contrary to the terms of the Agreement, Thomas & Marker also asserts that Wal-Mart implicitly warranted the accuracy of

2

the report itself, and that Wal-Mart breached this warranty. *See* First Amended Complaint ¶¶ 35 – 45. Wal-Mart denies Plaintiff's claims.

On February 29, 2008, counsel for Wal-Mart, Mr. Joseph E. Ezzie, had a telephone conference with personnel from TesTech and CESO. The subject of this teleconference was the locations of the soil borings/samples noted in the TesTech geotechnical report provided to Plaintiff. During this discussion, representatives of TesTech revealed, for the first time, that several borings were drilled in locations different from those indicated in the geotechnical report. These changes in location were not noted in the geotechnical report. Similarly, the changes were not disclosed in documents previously produced by CESO and TesTech pursuant to a subpoena duces tecum served on them by Plaintiff. Additionally, despite previous conferences between counsel for Wal-Mart, TesTech and CESO, this is the first time that these changes were disclosed to Wal-Mart.

Since alerted to this issue, Wal-Mart moved expeditiously to investigate this matter. First, Wal-Mart conducted corporate depositions of CESO and TesTech on March 28, 2008, pursuant to subpoenas.[1] However, CESO and TesTech's corporate designee was unable to answer many questions pertaining to the soil borings, despite these issues being identified as 30(b)(6) deposition topics. Wal-Mart also issued two other subpoenas to TesTech personnel involved with the soil borings; however, only two of Wal-Mart's four subpoenas were successfully served.

The soil boring discrepancies should have been disclosed earlier, and at the very least in response to Plaintiff's subpoena; however, CESO and TesTech did not produce this information

---

[1] CESO and TesTech designated the same individual, Mr. David Oakes, as their respective corporate representative. Mr. Oaks is the President and sole shareholder of each corporation.

until February 29, 2008. Once learning of this information, Wal-Mart immediately began exploring the issue within the remaining discovery window. Despite Wal-Mart's best efforts, however, additional time is needed to investigate this critical issue.

III. **LAW AND ARGUMENT**

**Wal-Mart Can Show Good Cause To Amend The Case Scheduling Order**

A trial court may modify or amend a scheduling order when "good cause" is shown. Rule 16(b); *see Andretti v. Borla Performance Indus., Inc.,* 426 F.3d 824, 830 (6th Cir. 2005); MOORE'S FEDERAL PRACTICE § 16.14[1][a] (2d ed. 2007). Court's have wide discretion in determining "good cause." MOORE'S FEDERAL PRACTICE § 16.14[1][b]. In determining what constitutes "good cause," the Sixth Circuit reviews the moving party's diligence in attempting to meet the case management order, and potential prejudice to the party opposing the modification. *Andretti,* 426 F.3d at 830.

Wal-Mart has "good cause" for an extension of the discovery and dispositive motion deadlines. First, since discovery began, Wal-Mart has been diligent in its discovery efforts. To date, Wal-Mart has conducted at least eight depositions of Plaintiffs and their experts, five depositions of Plaintiff's sub-contractor, Jergens Bales, and at least nine third-party depositions. Other than the recently discovered issues pertaining to CESO's and TesTech's geotechnical report, Wal-Mart's discovery is complete.

Second, Wal-Mart's extension request stems from newly acquired information. It was not until February 29, 2008 that representatives from TesTech revealed, for the first time, that several borings were drilled in locations different from those indicated in the geotechnical report. These changes in location were not previously disclosed – not in the geotechnical report, in the documents produced pursuant to the subpoena duces tecum, or in previous conferences between

4

counsel for Wal-Mart, TesTech and CESO. Until February 29, 2008, Wal-Mart had no reason to suspect that TesTech's representations in the geotechnical report were inaccurate.

Third, Wal-Mart's diligent discovery efforts since the boring discrepancies came to light further demonstrate Wal-Mart's "good cause" by showing its good faith efforts to adhere to the revised scheduling order. Since February 29, 2008, Wal-Mart deposed the principal of CESO and TesTech. Wal-Mart, however, needs additional time because CESO and TesTech's corporate designee lacked knowledge of many of the key areas of inquiry outlined in the subpoenas, and Wal-Mart was unsuccessful in attempts to serve two other employees that may possess further insight into these issues. Since the deposition of CESO's and TesTech's corporate designee, Wal-Mart has sent four proposed subpoenas to counsel for CESO and TesTech seeking the depositions of the representatives who, on February 29, 2008, revealed, for the first time, that several borings were drilled in locations different from those indicated in the geotechnical report.

Wal-Mart has shown good cause for an extension. Additionally, granting a 30-day extension will not prejudice Plaintiff. Trial in this matter is over nine months away on December 1, 2008; thus, trial will not be delayed. Similarly, further inquiry into a central aspect of Plaintiff's case – the geotechnical report – will neither surprise Plaintiff nor import collateral issues into this matter.

That CESO and TesTech failed to disclose critical information that contradicts previous representations is not a result of any oversight by Wal-Mart. This information pertains to *the* central issue in Plaintiff's cause of action, and thus Wal-Mart's defense, and deserves additional attention via extensions of the discovery window and dispositive motion deadline.

## IV. CONCLUSION

For the foregoing reasons, Defendant Wal-Mart Stores, Inc. requests that the Court grant this Motion to Modify the Case Scheduling Order.

Respectfully submitted,

*s/Sherri B. Lazear*
Sherri Blank Lazear  (0030546)
Baker & Hostetler LLP
65 East State Street, Suite 2100
Columbus, Ohio  43215-4260
Telephone (614) 462-2626
Fax: (614) 462-2616
E-mail: slazear@bakerlaw.com

*Trial Attorney for Defendants Wal-Mart Stores, Inc. and Wal-Mart Real Estate Business Trust*

Of Counsel:

Joseph E. Ezzie  (0075446)
Rand L. McClellan  (0079266)
BAKER & HOSTETLER LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215
Telephone:  (614) 462-2631
Facsimile:  (614) 462-2616
Email:  jezzie@bakerlaw.com
        rmcclellan@bakerlaw.com

*Attorneys for Defendants Wal-Mart Stores, Inc. and Wal-Mart Real Estate Business Trust*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on April 1, 2008, I electronically filed the foregoing with the Clerk of the United States District Court for the Southern District of Ohio through the CM / ECF system, thereby automatically serving all registered parties.

*s/Sherri B. Lazear*
Sherri B. Lazear