**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**THOMAS & MARKER CONSTRUCTION,**
**CO.**                                                      **Case No. 3:06-cv-406**

            **Plaintiff,**

                                   **Judge Thomas M. Rose**

**-v-**

**WAL-MART STORES, INC., et al.,**

            **Defendants.**
_____

**ENTRY AND ORDER GRANTING WAL-MART'S MOTION TO COMPEL**
**PRODUCTION OF THE CONFIDENTIAL SETTLEMENT AGREEMENT AND**
**DISCOVERY DEPOSITIONS (Doc. #94)**
_____

Now before the Court is a Motion To Compel by Defendant Wal-Mart Stores, Inc.

("Wal-Mart"). (Doc. #94.) Wal-Mart seeks to compel Plaintiff Thomas & Marker Construction

Co. ("Thomas & Marker") to produce its confidential settlement agreement (the "Agreement")

with Jergens Bales Contractors, Inc. ("Jergens-Bales") and to produce for a discovery deposition

the signatories to the Agreement.  Wal-Mart's Motion To Compel is made pursuant to Fed. R.

Civ. P. 37.

**PROCEDURAL BACKGROUND**

Thomas & Marker's original Complaint was filed on November 17, 2006, in the Court of

Common Pleas of Clark County, Ohio. Therein Thomas & Marker alleges various causes of

action primarily arising out of rock excavation expenses allegedly incurred during construction

of a Wal-Mart Supercenter in Springfield, Ohio.

Thomas & Marker's original Complaint was subsequently removed to this Court. Wal-

Mart then answered and asserted a counterclaim for the negligent installation of a water line at

the Supercenter.

In February of 2007, Wal-Mart propounded on Thomas & Marker its First Set of Interrogatories and Requests for Production of Documents. Therein, Wal-Mart asked Thomas & Marker to produce all documents related to the subcontractors who performed excavation work on the Supercenter project, all correspondence between Jergens Bales and Thomas & Marker relating to the Supercenter project and, to the extent not already requested, any and all documents relating or referring to the Supercenter project. At that time, Wal-Mart accepted Thomas & Marker's project file in lieu of Thomas & Marker responding to the discovery request after Thomas & Marker raised concerns regarding the broad scope of several document requests.

On April 26, 2007, Thomas & Marker filed its First Amended Complaint. Therein, in addition to the claims against Wal-Mart, Thomas & Marker claims that Jergens Bales breached its contract with Thomas & Marker when it failed to complete the water line installation in accordance with the Contract Documents and when it "coerced" Thomas & Marker into accepting from and paying to Jergens Bales change orders for rock excavation on the Supercenter site. Thomas & Marker's First Amended Complaint also adds a claim for enforcement of a mechanics lien. Wal-Mart's Answer includes a counterclaim against Thomas & Marker for negligent installation of a waterline on the Supercenter project.

In April of 2008, following the close of discovery, Thomas and Marker entered into the Agreement with Jergens Bales. Thomas & Marker argues that the terms of the Agreement relate solely to the claims and defenses asserted by the signatories to the underlying subcontract.

On May 30, 2008, Wal-Mart raised an issue regarding this Court's lack of subject matter jurisdiction stemming from the addition of non-diverse parties when Thomas & Marker's First

Amended Complaint was filed. The non-diverse parties were Jergens Bales and the Clark County Treasurer.

In response, Thomas & Marker attempted to get a stipulated dismissal of Jergens Bales. Thomas & Marker informed Wal-Mart that it had settled its claims against Jergens Bales. Wal-Mart declined to agree, in part, because Thomas & Marker refused to provide a copy of the Agreement with Jergens Bales.

Thomas & Marker then filed a motion to dismiss Jergens Bales and later a notice of release of Jergens Bale's mechanic's lien. The Court then dismissed Jergens Bales and the Clark County Treasurer, thereby restoring its diversity jurisdiction. The Court also indicated that Wal-Mart had exhausted its extrajudicial efforts to obtain the Agreement and could file the motion to compel regarding the Agreement that is now before the Court.

## THE ARGUMENTS

Wal-Mart now seeks to compel discovery of the confidential settlement agreement and to depose the signatories thereto. Wal-Mart argues that the terms of the confidential settlement agreement are relevant and discoverable pursuant to Fed. R. Civ. P. 37. Wal-Mart specifically argues that Thomas & Marker is required by the federal and local rules to supplement its initial discovery responses regarding correspondence between Jergens Bales and Thomas & Marker relating to the Supercenter project by providing the Agreement.

Wal-Mart also argues that the terms of the Agreement are relevant to the credibility of the witnesses who may be called to testify at trial. There is no doubt, according to Wal-Mart, that employees from Jergens Bales will be called to testify and the fact-finder is entitled to consider any hidden motives related to the Agreement in these witnesses' testimony.

Wal-Mart also argues that the terms of the Agreement may be relevant to the damages at issue in this case. The Agreement may, according to Wal-Mart provide a set-off to any damages that may be awarded to Thomas & Marker.

In addition, Wal-Mart argues that it is entitled to any information related to the settlement of the claim regarding the waterline. This is because Wal-Mart has a counterclaim against Thomas & Marker for the alleged negligent installation of the waterline.

Wal-Mart also argues that the assertion that the Agreement is confidential is without merit. This is because settlement agreements are discoverable and the Parties already have a protective order in place that can be applied to the settlement agreement.

Finally, Wal-Mart argues that the confidential settlement agreement may be a *Mary Carter* agreement.[1] *Mary Carter* agreements are discoverable and admissible in Ohio. *Hodesh*, 2008 WL 1913530 at *6.

Thomas & Marker responds that it does not have to supplement its discovery response because Wal-Mart agreed to accept its project file in lieu of responses to Wal-Mart's First Set of Interrogatories and Requests for Production of Documents. Thomas & Marker also argues that the Agreement is not relevant to any of Wal-Mart's claims or defenses. It is not relevant, according to an Affidavit submitted by Thomas & Marker, because it does not align Thomas & Marker and Jergens Bales against Wal-Mart, because it does not include an agreement for Jergens Bales to repay any money from rock excavation change orders or limit Jergens Bales' liability based upon the amount Thomas & Marker recovers from Wal-Mart and because it does

---

[1]A *Mary Carter* agreement is a contract between a plaintiff and at least one defendant allying them against another defendant at trial. *Hodesh v. Korelitz*, 2008 WL 1913530 at *5 (Ohio Ct. App. May 2, 2008).

not result in Thomas & Marker receiving any money or the promise of any money from Jergens Bales in payment for the installation of the subject waterline by Jergens Bales. Finally, Thomas & Marker avers that the confidential settlement agreement is not a *Mary Carter* agreement.

Thomas & Marker requests that the Court conduct an in camera review of the confidential settlement to determine whether it is relevant. Wal-Mart responds that an in camera inspection is unnecessary and improper and, without seeing the Agreement, it can only speculate as to its relevancy

## ANALYSIS

The Federal Rules of Civil Procedure provide for broad, liberal discovery. *Evenflo Co., Inc. v. Hantec Agents Limited*, No. C-3-05-346, 2006 WL 1580221 at *1 (S.D. Ohio June 5, 2006). Discovery may be obtained regarding any matter not privileged that is relevant to the claim or defense of any party. *Id.* Further, relevance is to be broadly construed when applying the discovery rules. *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

In this case, the Agreement may be relevant to Wal-Mart's claims and defenses. It may be relevant to the credibility of witnesses who may be called at trial, it may be relevant to any damages that may ultimately be awarded, it may be relevant to the claim regarding the waterline and it may be relevant if it has the effect of a *Mary Carter* agreement.

In addition to being relevant, Thomas & Marker has a duty to supplement its initial discovery responses regarding correspondence between Jergens Bales and Thomas & Marker relating to the Supercenter project by providing the Agreement. *See Abrahamsen v. Trans-State Express, Inc.*, 92 F.3d 425, 428 (6th Cir. 1996). The fact that Thomas & Marker provided its project file to satisfy several items in Wal-Mart's initial discovery request does not relieve

Thomas & Marker from supplementing information that it receives regarding one of the requested items.

In addition to being relevant, the Agreement is otherwise discoverable. *See American Guarantee and Liability Insurance Co., v. CTA Acoustics, Inc.*, 2007 U.S. Dist. LEXIS 26485 at *10-11 (E.D. Ky. Apr. 9, 2007). Regarding confidentiality, the Parties have a Protective Order in place that, if applicable, could be used to facilitate exchange of the Agreement. Finally, regarding an in camera inspection, absent assertion of some legal privilege, which is not the case here, this Court declines to become involved at this stage of the proceedings.

Wal-Mart's Motion To Compel Settlement Agreement and Discovery Depositions (doc. #94) is GRANTED. Thomas & Marker is given until not later than five (5) days following entry of this Order to provide a copy of the Agreement to Wal-Mart. Further, depositions of the signatories to the Agreement may be conducted so long as they are limited to the contents of the Agreement and so long as they are completed by not later than October 13, 2008, which is one week before motions in limine are to be filed in this matter.

**DONE** and **ORDERED** in Dayton, Ohio this Sixth day of August, 2008.

**s/Thomas M. Rose**

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record