# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **THOMAS & MARKER CONSTRUCTION, CO.** | Case No. 3:06-cv-406 |
| **Plaintiff,** | Judge Thomas M. Rose |
| -v- | |
| **WAL-MART STORES, INC., et al.,** | |
| **Defendants.** | |

## ENTRY AND ORDER OVERRULING WAL-MART'S MOTION TO BIFURCATE
(Doc. #131)

This matter is set for trial to a jury beginning December 1, 2008. In preparation for trial, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") has filed a Motion To Bifurcate the Liability and Damages Proceedings. (Doc. #131). Plaintiff Thomas & Marker Construction Company ("Thomas & Marker") has responded and Wal-Mart has replied. Wal-Mart's Motion To Bifurcate is, therefore, fully briefed and ripe for decision.

In an Order entered on September 15, 2008, this Court granted summary judgment to Wal-Mart on Thomas & Marker's claims for breach of an implied warranty of suitability of plans, breach of an implied warranty of accuracy of plans, unjust enrichment promissory/equitable estoppel, breach of an implied duty of good faith and fair dealing and fraud in the inducement. (Doc. #128.) Wal-Mart was not granted summary judgment on Thomas & Marker's breach of contract claim and Thomas & Marker's claim for costs, expenses and fees pursuant to §23.16 of the Construction Agreement between Wall-Mart and Thomas & Marker.

Thomas & Marker's breach-of-contract claim involves failure to pay for alleged rock

excavation, failure to pay the retainage and failure to pay for Change Orders Nos. 027, 032, and 034. This Court has determined that the rock removal work contested by Thomas & Marker is not covered by the relevant provisions of the contract but that there is evidence from which a reasonable finder of fact could conclude that Wal-Mart waived these relevant provisions. Further, Wal-Mart did not seek summary judgment on the retainage and on Change Orders Nos. 027, 032 and 034.

Wal-Mart has brought counterclaims against Thomas & Marker. Wal-Mart's counterclaims for breach of contract, unjust enrichment, promissory estoppel and for costs remain to be adjudicated. Wal-Mart's Third Party claim against Ohio Farmers Insurance Company also remains to be adjudicated.

Wal-Mart now seeks to bifurcate the trial regarding whether Wal-Mart waived the express provisions of the contract documents regarding rock excavation into a liability proceeding and a damage proceeding. To this, Thomas & Marker is opposed.

## **Legal Provisions**

Bifurcation in this case is governed by Fed. R. Civ. P. 42(b). Rule 42(b) provides in relevant part that, "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." *See Specialty Minerals, Inc. v. Dunbar Mechanical, Inc.*, 164 F. Appx. 539, 541 (6th Cir. 2005).

The piecemeal trial of separate issues in a single lawsuit is not the usual course. 9A Wright and Miller, *Federal Practice and Procedure* § 2388 (3d ed. 2008). However, bifurcation into liability and damages "is appropriate when 'the evidence pertinent to the two issues is

wholly unrelated' and the evidence relevant to the damages issue could have a prejudicial impact upon the jury's liability determination." *Helminski v. Ayerst laboratories, A Division of American Home Products Corp.*, 766 F.2d 208, 212 (6th Cir. 1985), *cert. denied*, 474 U.S. 981 (1985). "The major consideration, of course, must be which procedure is more likely to result in a just and expeditious final disposition of the litigation." 9A Wright and Miller, *Federal Practice and Procedure* § 2388 (3d ed. 2008)

When considering whether to order bifurcation, the court must weigh the convenience to the parties, potential prejudice to the parties, and judicial economy. *Specialty Minerals*, 164 F. Appx. at 539. Courts have also weighed potential confusion to the jury either separately or as part of the consideration of prejudice to the parties. *Specialty Minerals*, 164 F. Appx. at 541; *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997); *In re Beverly Hills Fire Litigation*, 695 F.2d 207, 216 (6th Cir. 1982), *cert. denied*, 461 U.S. 929 (1983).

Unfair prejudice is a quality of evidence which might result in an improper basis upon which a jury might make a decision. *Oberlin v. Akron General Medical Center*, 743 N.E.2d 890, 893 (Ohio 2001). Thus, evidence that "arouses the jury's emotional sympathies, evokes a sense of horror, or appeals to an instinct to punish" may be unfairly prejudicial. *Id.*

## **Analysis**

Wal-Mart first argues that the trial of this case should be bifurcated to avoid confusion of the jury. Wal-Mart grounds this argument on its belief that the only issues remaining in the case are whether Wal-Mart waived certain contract provisions and, if so, the amount of damages that Thomas & Marker is entitled to recover.

However, this argument is not well grounded because several other issues remain to be

adjudicated including Thomas & Marker's breach of contract claims for retainage and Change Orders Nos. 027, 032 and 034, Wal-Mart's counterclaims for breach of contract, unjust enrichment, promissory estoppel and for costs and Wal-Mart's Third Party claim against Ohio Farmers Insurance Company.

Wal-Mart argues that these remaining issues can easily be resolved. According to Wal-Mart, it has offered to pay in full the non-rock change orders and retainage with interest. Wal-Mart further argues that Thomas & Marker has previously offered to stipulate to liability on the waterline claim which possibly would simplify Wal-Mart's counterclaims and Third Party claim. However, the current record in this matter does not indicate that these "remaining" issues have been resolved. The record clearly indicates that several issues beyond waiver and damages on the rock excavation claim remain to be adjudicated. Therefore, bifurcation of waiver and damages on the rock excavation claim would surely confuse the jury instead of avoiding confusion.

Wal-Mart next argues that bifurcation will serve the interests of judicial and private economy by avoiding the presentation of evidence that may only be needed upon a finding of liability. In support, Wal-Mart opines that Thomas & Marker has identified 45 witnesses that it may call and it is likely that most of these witnesses will be called to establish their damages. Wal-Mart says that it will then be required to call multiple witnesses in rebuttal and the presentation of the damages portion of this case alone "will certainly take multiple days."

However, this argument too is not well founded. There are currently more issues to be tried than liability and damages on Thomas & Marker's rock excavation claim. Wal-Mart does not address the impact of these additional claims on the number of witnesses.

Further, it is not clear that most of Thomas & Marker's witnesses will be called **only** to establish rock excavation related damages. Thomas and Marker argues that many of the Parties' representatives and agents together with third party witnesses have personal knowledge and will offer testimony relevant to the waterline, retainage and non-rock change orders. Thomas and Marker also argues that, of 17 anticipated witnesses in its case-in-chief, 12 are expected to offer testimony regarding **both** waiver and rock removal damages. One of the critical arguments in support of Thomas & Marker's claim of waiver centers on the significant interactions between the representatives of Thomas & Marker and Wal-Mart concerning the quantification of the rock removal and the related expenses.

Wal-Mart's final argument is that bifurcation will not prejudice either party but if Thomas & Marker is permitted to produce evidence regarding its damages prior to the jury finding a waiver, Wal-Mart could suffer prejudice. Prejudice would be suffered, according to Wal-Mart, because the presentation of evidence regarding the significant amounts of rock removed from the project site and the associated costs could persuade the jury to reach a verdict on improper or impermissible grounds.

This argument too is unpersuasive. First, as discussed above, the separation of liability from some evidence regarding the amounts of rock removed from the site and the associated costs may be difficult, if not impossible, because one of the critical arguments in support of Thomas & Marker's claim of waiver centers on the significant interactions between the representatives of Thomas & Marker and Wal-Mart concerning the quantification of the rock removal and the related expenses. Second, this case does not implicate evidence of damages in the form of significant pain and suffering, punitive damages or other emotionally charged

damage testimony which is the type of evidence most likely to "inflame the passions of the jurors." Third, the Court assumes that the Parties will participate with the Court in preparing jury instructions that will clearly identify the issues, including the separation of liability from damages, and preclude the possibility of the jury reaching a verdict on improper or impermissible grounds.

## **Conclusion**

Wal-Mart's arguments that the trial of this case should be bifurcated into a liability phase and a damages phase for rock excavation are not persuasive. First, several more issues beyond liability and damages for rock excavation remain to be tried and attempting to try those issues along with a bifurcated trial of liability and damages for rock excavation would serve to confuse the jury instead of avoiding confusion. Further, it is not obvious that there would be significantly fewer Thomas & Marker witnesses in the liability phase if liability was separated from damages. Finally, while Wal-Mart may arguably be prejudiced by a discussion of the quantification of the rock removal and the related expenses before liability is determined, Thomas & Marker is entitled to present this type of evidence, if relevant and otherwise admissible, to show liability.

One trial, as opposed to bifurcation, is most likely to result in a just and expeditious final disposition of the litigation. Therefore, Wal-Mart's Motion To Bifurcate the Liability and Damages Proceedings (doc. #131) is OVERRULED.

**DONE** and **ORDERED** in Dayton, Ohio this Twentieth day of November, 2008.

                                                                  **s/Thomas M. Rose**

                                                        THOMAS M. ROSE
                                  UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record