UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

THOMAS & MARKER CONSTRUCTION,
CO.

            Plaintiff,

-v-

WAL-MART STORES, INC., et al.,

            Defendants.

Case No. 3:06-cv-406

Judge Thomas M. Rose

---

**ENTRY AND ORDER OVERRULING THOMAS & MARKER'S MOTION IN LIMINE RELATIVE TO THE EXPERT TESTIMONY OF DOUGLAS LONGO (Doc. #139) AND THOMAS & MARKER'S MOTION IN LIMINE RELATIVE TO STATEMENTS CONCERNING SUBSURFACE ROCK AT PROJECT SITE (Doc. #140).**

---

This matter is set for trial to a jury beginning December 1, 2008. In preparation for trial, Plaintiff Thomas & Marker Construction Company ("Thomas & Marker") submitted two motions in limine. (Doc. #139 and 140.) Defendant Wal-Mart Stores, Inc. ("Wal-Mart") has responded to both and Thomas & Marker has replied. Thomas & Marker's Motions In Limine are, therefore, fully briefed and ripe for decision.

The practice of ruling on motions in limine, although not specifically authorized by the Federal Rules of Evidence or the Federal Rules of Civil Procedure, has developed pursuant to the district court's inherent authority to manage the conduct of trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion in limine is to permit the Court to decide evidentiary issues in advance of trial in order to avoid delay and ensure an evenhanded and expeditious trail. *See Indiana Insurance Co. v. General Electric Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004)(citing *Jonasson v. Lutheran Child & Family Services*, 115 F.3d 436, 440 (7th Cir. 1997)).

Decisions on motions in limine may also save the parties time and cost in preparing for trial and presenting their cases.

Because it is almost always better situated during the actual trial to assess the value and utility of evidence, a court is reluctant to grant broad exclusions of evidence in limine. *Koch v. Koch Industries, Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan. 1998), *aff'd in part and rev'd in part on other grounds*, 203 F.3d 1202 (10th Cir. 2000), *cert. denied*, 531 U.S. 926 (2000). A court will generally not grant a motion in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible. *Indiana Insurance*, 326 F. Supp.2d at 846. If this showing is not made, evidentiary rulings should be deferred and resolved in the context of the trial. *Id.*

Ultimately, whether a motion in limine is granted or overruled is a matter left to the sound discretion of the trial court. *See Hesling v. CSX Transportation, Inc.*, 396 F.3d 632, 643-44 (5th Cir. 2005). Each of Thomas & Marker's pending motions in limine will next be addressed keeping in mind that the overruling of a motion in limine at this stage in the proceedings does not necessarily mean that the subject evidence will be admissible in the context of the trial.

**Thomas & Marker's Motion In Limine Relative To the Expert Testimony of Daniel Longo**

Thomas & Marker seeks permission for Daniel Longo ("Longo") to testify concerning his expert opinions. (Doc. #139.) Wal-Mart responds that Longo should not be permitted to testify.

Longo is the President and founder of Geotechnical Consultants, Inc. ("GCI"). Wal-Mart retained GCI to serve as its on-site testing and monitoring company for the Project.

Longo was designated by Thomas & Marker in its Rule 26 disclosures as a fact witness and was not disclosed at that time as an expert witness. Longo was not identified as a lay witness by Thomas & Marker or Wal-Mart when they later disclosed their lay witnesses as required by the Preliminary Pretrial Order. Neither Party identified any expert witnesses as required by the Preliminary Pretrial Order. Longo is identified by Thomas & Marker in the Amended Joint Final Pretrial Order as both a lay and expert witness. He is identified by Thomas & Marker as an expert witness to testify to onsite testing and monitoring performed on the project.

Thomas & Marker attempted to rely upon Longo's Affidavits which contained expert opinions when responding to Wal-Mart's Motion for Partial Judgment. Wal-Mart asked the Court to strike Longo's expert opinions because Thomas & Marker did not previously identify Longo as an expert or submit an expert report. The Court struck Longo's expert opinions because Longo had not been identified as an expert. (Doc. #128 n.3.)

The Amended Joint Final Pretrial Order, submitted, approved and filed after this Court's Order regarding Wal-Mart's Motion for Partial Summary Judgment was entered, identifies Longo and C. K. Satyapriya as expert witnesses for Thomas & Marker and Stephen Pasternack as an expert witness for Wal-Mart. (Doc. #145.) Wal-Mart now argues that the striking of Longo's expert opinions is the law of the case.

Thomas & Marker responds that the identification of Longo in the Proposed Amended Joint Final Pretrial Order and the filing of this Motion In Limine are being done to preserve Thomas & Marker's right to appeal the specific issue of Longo's ability to offer expert testimony at trial, as opposed to the striking of certain portions of his affidavits. Thomas & Marker summarizes the arguments it made earlier regarding the use of Longo's expert testimony as

follows:

> 1. Thomas & Marker identified Longo as an expert witness in its response to Interrogatory No. 3 of Wal-Mart's First Set of Interrogatories which requested a listing of its expert witnesses;
>
> 2. Thomas & Marker was not required to furnish Wal-Mart with an expert report as it is undisputed that Longo was not retained as an expert witness by Thomas & Marker pursuant to Fed. R. Civ. P. 16(a)(2); and
>
> 3. Any failure by Thomas & Marker to identify Longo as an expert witness is harmless as the affidavit containing Longo's expert opinions was provided to Wal-Mart in November of 2007 and was the subject of Longo's extensive deposition on January 25, 2008.

Thomas & Marker now adds that there is no indication that it was engaged in any "gamesmanship or deception," and permitting Longo to offer his expert opinion would not prejudice Wal-Mart because Wal-Mart deposed Longo at length concerning the expert opinions contained in his November 21, 2007 Affidavit and his expert opinions in this matter are confined to those expressed in this Affidavit.

Longo was not identified as an expert nor did he provide an expert report as required by this Court's Preliminary Pretrial Order. Further, the Court has been given no acceptable reason to change its earlier decision regarding Longo's identification as an expert and provision of an expert opinion.

Therefore, Longo will not be permitted to testify as an expert at trial. Thomas & Marker's Motion In Limine Relative To the Expert Testimony of Douglas Longo (doc. #139) is OVERRULED.

Expert witnesses are permitted to express opinions. Lay witnesses are only permitted to testify as to their observations. Therefore, while he may not be called by Thomas & Marker as an expert, Longo may be called by Thomas & Marker to testify as to his observations as the

President of the Company retained by Wal-Mart to perform its on-site testing and monitoring.

## Thomas & Marker's Motion In Limine Relative To Statements Concerning Surface Rock at Project Site

Thomas & Marker seeks to prohibit Wal-Mart from introducing into evidence or referencing at trial any statements concerning scattered areas of rock visible at the project site. (Doc. #140.) Wal-Mart responds that evidence of scattered areas of rock is relevant and it will be prejudiced if not permitted to introduce such evidence.

Thomas & Marker first argues that Wal-Mart is attempting to use statements concerning the alleged visibility of surface rock in support of their argument that the defective nature of the soil borings report does not constitute an unforeseen condition. Yet, the defective nature of the soil borings report is not relevant, at this time, as to whether there was an unforeseen condition because the Court has already determined that, pursuant to the contract documents, Thomas & Marker was not entitled to rely upon the soil borings report when it prepared its bid and the rock excavation about which Thomas & Marker complains was not an unforeseen condition. Therefore, evidence propounded for this purpose is irrelevant.

Thomas & Marker also challenges the reliability of the statements regarding surface rock that Wal-Mart may introduce. However, this argument is unavailing. If this evidence is introduced, it can be challenged by cross examination or contrary evidence may be presented.

Thomas & Marker next argues that the use of the statements regarding surface rock relates solely to Wal-Mart's contractual defenses based upon the definition of an "unforeseen condition." However, as determined above, the Court has already determined that the rock excavation about which Thomas & Marker complains is not an "unforeseen condition" pursuant to the terms of the contract documents. Therefore, evidence propounded for this purpose is

irrelevant.

Finally, Thomas & Marker argues that the prejudicial effect of statements regarding rock visible at the project site substantially outweigh their probative value. However, just because evidence, if admitted, is unfavorable to Thomas & Marker does not mean that the evidence is irrelevant and inadmissible.

One of the issues that remains to be determined is whether Wal-Mart waived certain terms of the contract, including the definition of "unforeseen condition." A possible way to show waiver, would be for Thomas & Marker to present evidence that there were large amounts of rock encountered at the project site and that Wal-Mart waived the contract terms regarding the alleged large amounts of rock at the contract site. Further, statements regarding rock visible at the project site would seem to be relevant to, if not supportive of, whether there were large amounts of rock encountered at the project site.

Therefore, while statements regarding surface rock at the project site are not relevant to Wal-Mart's argument that the defective nature of the soil borings report does not constitute an unforeseen condition or that the rock found at the project site is not an unforeseen condition, such statements may be relevant for other purposes. Thomas & Marker has not shown that statements concerning surface rock at the project site are irrelevant and thus clearly inadmissible for all purposes at this time. The admissibility of such statements will be determined within the context of the trial. Thomas & Marker's Motion In Limine Relative To Statements Concerning Surface Rock At Project Site (doc. #140) is OVERRULED.

**DONE** and **ORDERED** in Dayton, Ohio this Thirtieth day of November, 2008.

                                                  **s/Thomas M. Rose**
                                        _____
                                                  THOMAS M. ROSE
                                      UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record